NO. 07-03-0088-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D
 


MARCH 19, 2003


______________________________



PATRIOT CONSTRUCTION CORPORATION,




 Appellant


v.



LOYD WAYNE GREEN, 




 Appellee


 

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 11,147; HON. STEVEN R. EMMERT, PRESIDING 


 _______________________________


Before QUINN, REAVIS, and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Patriot Construction Corporation filed a motion to dismiss this appeal
because they longer desire to prosecute it. Without passing on the merits of the case, we
grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and
dismiss the appeal. Having dismissed the appeal at appellant's request, no motion for
rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn

 Justice



. As is common in original
proceedings, the record presented is not as complete as a record after a trial on the merits. 
From the record, it appears the deposition of Highland's corporate representative was
cancelled by Highland several times. On April 5, 2002, after hearing real party's motion
to compel the deposition of the corporate representative, the trial court signed an order
directing the deposition be taken on April 19, 2002, and that Highland pay $1,000 to
compensate real party for attorney's fees incurred in the preparation and presentation of
the motion. In response, Highland produced its former chief executive officer for deposition
on April 19, 2002. (2) Minutes before the deposition, Highland served the real party with its
objections and designation. During the deposition, Highland's designated representative
admitted he did little if any preparation, and he provided incomplete answers about subject
matter for which he had been designated by Highland as its representative. On May 13,
real party filed a motion to show cause and for sanctions. On June 28, 2002, the motion
to show cause and for sanctions was heard and granted, albeit without a written order.


 By its two issues, Highland requests that we decide the following:

 Issue No. 1: Did the Court Abuse its Discretion by Determining the Law
Requires Designation and Objections to Deposition Notice of A Corporate
Representative must be Filed with the Court, Failure to Do So waives the
Designation and Objections and Constitutes Sanctionable Conduct?

 Issue No. 2: Did the Court Abuse its Discretion by Requiring a Corporate
Representative to Testify Fully to All Topics Noticed, when No Other
Representative Can Testify to Topics Already Addressed by the CEO, No
Representative Can Address Certain Topics, and Other Topics Require
Disclosure of Attorney Client and Medical Peer Review Privileged Information
for Which No Waiver Exists?


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by appeal, and the relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). 
With respect to factual matters committed to a trial court's discretion, the appellate court
may not substitute its judgment for that of the trial court. Id. However, a review of a trial
court's determination of controlling legal principles is entitled to much less deference. Id.
at 840. In our analysis, we must "focus on the record that was before the court and
whether the decision was not only arbitrary but also amounted to 'a clear and prejudicial
error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998) (orig.
proceeding).

 By its petition for mandamus, Highland does not challenge the trial court's order
signed April 5, 2002, by which the court ordered the deposition of Highland's corporate
representative be taken on April 19, 2002, per the amended notice dated January 9, 2002,
and ordering that Highland pay $1,000 in attorney's fees. Instead, Highland directs its
complaint to the trial court's announcements on the reporter's record at the June 28, 2002
hearing on real party's motion to show cause and for sanctions. During oral argument,
counsel for Highland announced she was complaining about the trial court's
announcements appearing on pages 46 and 47 of the reporter's record, (3) which was filed
after Highland's petition. However, no rulings appear on page 46 and as material here, the
trial court's findings on pages 47 and 48 are summarized as follows:


 The Court found that Highland had engaged in a course of conduct
which was designed to circumvent this Court's rulings and designed
to delay discovery-meaningful discovery and obfuscate essential
information.
 The filing of proposed objections in draft format, and then filing of the
objections the day before the hearing, was an attempt to further delay
meaningful discovery. 



The court declined to rule on the issue of peer review information "at this point," and orally
stated its order into the reporter's record:

 1. That the deposition of a corporate representative or representatives will
be conducted on or before close of business Friday, July 12;

 2. That Highland pay the cost of the videographer and the court reporter;
and

 3. That Highland pay $2,500 sanctions for its actions.


 Following these announcements and rulings, the trial court concluded:

 I want to make sure everyone understands. I'm making no ruling reference
the position taken by Highland's attorney on the peer review reference some
of the issues regarding Dr. Hall's privileges.


In addition, the trial court considered the question of responses to a request for production
dated April 17, 2002. Again, the trial court declined to make any ruling on that matter
stating that it needed to read the cases and documents that had been produced.

 By its two issues, Highland does not complain of the findings, orders, or sanctions
imposed at the June 28, 2002 hearing or the order signed April 5, 2002, directing that the
deposition of Highland's representative be taken. Accordingly, we conclude the petition
does not demonstrate a clear abuse of discretion by the trial court. Walker, 827 S.W.2d
at 837-39. Moreover, with respect to the fact determinations that (1) Highland had
engaged in a course of conduct which was designed to circumvent the rulings and to delay
discovery, and (2) the presentation of objections the day before the hearing was an attempt
to delay meaningful discovery, we are not permitted to substitute our judgment for that of
the trial court. In re Bristol-Meyers Squibb Co., 979 S.W.2d at 605. Accordingly,
Highland's petition for writ of mandamus is denied. Further, this Court's order dated July
9, 2002, is withdrawn and Highland's motion to enforce the temporary order of stay is
denied.

 Don H. Reavis

 Justice


Do not publish.
1. In this proceeding, relator seeks no relief as to David Hall, M.D. and he has not
appeared in this mandamus proceeding.
2. The deposed witness was not an employee or representative of Highland Medical
Center at the time he gave his deposition.
3. Not available at the time the petition for mandamus was filed.